**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| CAROL COE-HAUSKINS,<br><br>                 Plaintiff,<br><br>     v.<br><br>WESTSOUND BANK, a Washington corporation; FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Westsound Bank; and 2010-1 RADC/CADC Venture, LLC, a Delaware limited liability company,<br><br>                 Defendants. | NO. 09-CV-05551 (BHS)<br><br>ORDER ON STATE BANK EXAMINATION CONFIDENTIALITY AND PROCEDURE |

       The Court has considered the joint stipulation filed by the Washington State Department of Financial Institutions ("DFI") and Plaintiff and the law cited therein. The Court FINDS that the October 2007 Report of Examination ("October 2007 ROE") of Westsound Bank is confidential under RCW 30.04.075. The Court further FINDS that the Washington State Legislature has mandated that the confidentiality of state bank examination reports and information obtained in conducting bank examinations be preserved whenever possible, and disclosed in litigation only to the extent necessary to preserve due process (*i.e.*, when the report or information is relevant and not otherwise obtainable). The Court FINDS that, as to the state bank examination privilege, a compelling showing has been made and good cause exists to issue an Order that would allow, after federal claims of privilege are resolved, an *in camera* review of the October 2007 ROE for the purpose of determining whether portions of it are relevant in this litigation, and for any such relevant portions to be utilized under the conditions and restrictions described herein.

       Accordingly, to balance the competing interests of state bank examination confidentiality as expressed by the state of Washington in its laws, and of due process to the parties in this litigation, it is ORDERED that:

(1) Within 21 days following resolution of all claims of privilege and confidentiality under federal law, nonparty DFI shall submit under seal a copy of the October 2007 ROE for *in camera* review by this Court pursuant to RCW 30.04.075(6), designating which, if any, portions of the October 2007 ROE it believes are potentially relevant, and which portions it believes should be withheld entirely. The FDIC may file a separate briefing under seal.

(2) The Court will perform an *in camera* review of the submissions and rule as to what, if any, portions of the October 2007 ROE are relevant. Any portions of the October 2007 ROE the Court may determine to be relevant after *in camera* review, including copies thereof, shall be marked as confidential under RCW 30.04.075 and distributed to the parties and DFI.

(3) Deponents, witnesses, and other persons who a party decides needs access in the course of this litigation to the portions of the October 2007 ROE deemed relevant by the Court, shall be provided by counsel for that party a written statement concerning the confidentiality of the material provided and the penalties for its unauthorized distribution under RCW 30.04.075, and a copy of this Order, prior to handing over the relevant portions.

(4) Parties may reference without direct quotation relevant portions of the October 2007 ROE, if necessary to support legal arguments in its briefing, without violating this protective order. References shall refer the court to a specific portion of the relevant portion of the October 2007 ROE by DFI bates number, and may provide the court with a paper working copy of such document for *in camera* review.

(5) Within sixty days following either exhaustion or waiver of appeal rights, or final settlement of this case without appeal, counsel shall destroy all copies of the October 2007 ROE, and any documents summarizing portions thereof, that are in its possession, custody, or control.

(6) Copies of declarations, discovery, pleadings, or other documents relating to the October 2007 ROE, or any future motions regarding final handling or disposition of the October 2007 ROE or any other state bank examination material that may arise in this action, shall be promptly served upon counsel for nonparty DFI in accordance with the Federal Rules of Civil Procedure as if DFI were a party.

(7) The order may not be modified by agreement without the Court's signature of approval.

(8) The Court may change the terms of the proposed or an entered protective order on its own motion, or the motion of any party or the DFI, after notice and an opportunity to be heard. Upon entry of such a

    (9)    changed order, DFI must opt within thirty days to withdraw its limited waiver of sovereign immunity as to the October 2007 ROE.

IT IS SO ORDERED this 20th day of April, 2011.

_____
BENJAMIN H. SETTLE
US District Court Judge

Presented by:
ROBERT M. MCKENNA
Attorney General

_____
VICTOR M. MINJARES, WSBA #33946
Assistant Attorney General
P.O. Box 40100
Olympia, Washington 98504
Telephone: (360) 753-2719

STIPULATION AGREED TO;
NOTICE OF PRESENTATION WAIVED:

By: *Approved via email dated 04/19/2011*
Jeff Smyth, WSBA #6291
Attorneys for Plaintiff Hauskins

Copy received:

THE GAITAN GROUP PLLC

By: _____

Richard Phillips, WSBA #6252
Attorneys for FDIC

POLSINELLI SHUGHART PC

By: _____

Robert Edwards, Kansas
Attorneys for 2010-1 RADC/CA DC Venture, LLC